UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA FULLER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-2298** |
| **SHU SHIUIA, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand to State Court (Doc. 4). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

On May 7, 2020, Plaintiffs Melissa Fuller and Robert Fuller, individually and on behalf of their minor child, C.F., filed a petition for damages in the Civil District Court for the Parish of Orleans. The claim for damages arose out of an automobile accident that occurred on May 11, 2019, in New Orleans, Louisiana. Plaintiffs' original petition named two Defendants: Shu Shiuia, an alleged domiciliary of California;[1] and P. Holdings Corp., d/b/a Budget Rental, a corporation with an alleged principal place of business in Illinois.[2]

---

[1] Defendant Shijia Shu was improperly named by Plaintiffs as Shu Shiuia. Defendant Shu's domicile was improperly alleged, as Defendant is domiciled in New York. *See* Doc. 2 at 3.

[2] Defendant P.V. Holding Corporation was improperly named by Plaintiffs as P. Holdings Corp. in the initial complaint. Further, Defendant P.V. Holding Corp. has a principal place of business in New Jersey and is incorporated in Delaware. *See* Doc. 2 at 3. Thus, Defendant P.V. Holding Corporation is a citizen of both New Jersey and Delaware, not Illinois.

1

According to the record filed with this Court, Plaintiffs have amended their original petition four times. On July 7, 2021, Plaintiffs amended their petition, adding Geico Casualty Insurance Company as a defendant. On September 21, 2021, Plaintiffs amended their petition, adding Progressive Select Insurance Corporation as a defendant.[3] Then, on May 4, 2023, Plaintiffs amended their petition to add Budget Rent A Car System, Inc. (BRAC) as a defendant.[4] Plaintiffs served Defendant BRAC with the Fourth Amended and Supplemental Petition for damages on June 2, 2023.

On June 30, 2023, Defendant BRAC filed a Notice of Removal with this Court, alleging that this Court has diversity jurisdiction and that removal was proper. Plaintiffs filed a Motion to Remand to State Court, alleging that Defendant's removal was untimely pursuant to 28 U.S.C. § 1446. Defendant opposes. The Court now considers Plaintiffs' Motion to Remand to State Court.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[5] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[6] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[7] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may

---

[3] In the Second Amended and Supplemental Petition, Plaintiffs improperly named Progressive Select Insurance Corporation as Progressive Insurance Corporation. The latter has been terminated from this matter.
[4] Plaintiffs assert that they amended their complaint to add BRAC as a defendant, upon suggestion by counsel for PV Holdings, Corp. *See* Doc. 4-1 at 2.
[5] 28 U.S.C. § 1441(a).
[6] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[7] *Id.*

receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[8] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[9]

## LAW AND ANALYSIS

Defendant BRAC asserts that this Court has diversity jurisdiction and that removal was proper under 28 U.S.C. § 1446. The Court now considers whether Defendant has sustained its burden in showing that there is diversity jurisdiction and that removal is proper.

### 1. *Diversity Jurisdiction*

28 U.S.C. § 1441(a) authorizes removal of any civil action where the district courts of the United States have original jurisdiction.[10] 28 U.S.C. § 1332(a) confers original jurisdiction to the district courts over cases where the amount in controversy exceeds $75,000, and where the parties are "citizens of different states."[11] To meet the requirements of § 1332, the parties must have complete diversity—all plaintiffs must be citizens of different states than all defendants.[12] A person is a citizen of the state where domiciled.[13]

First, Defendant alleges that the amount in controversy exceeds $75,000. Under Louisiana law, plaintiffs may not include a specific amount of damages in their petitions.[14] Thus, the Fifth Circuit has held that a "removing defendant must prove by a preponderance of the evidence that the amount in controversy

---

[8] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996)
[9] *Id.*
[10] 28 U.S.C. § 1441(a).
[11] *Id.* § 1332(a).
[12] Strawbridge v. Curtiss, 7 U.S. 267 (1806).
[13] Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).
[14] LA. CODE CIV. PROC. art. 893.

3

exceeds $75,000."[15] Defendant may satisfy this burden by either (1) demonstrating that it is "facially apparent" that plaintiff's claims exceed $75,000, or (2) setting forth the facts in controversy that support a finding of the requisite amount.[16]

Defendant BRAC alleges in its Notice of Removal that Plaintiff Melissa Fuller seeks recovery of amounts spent for cervical surgery, which alone would exceed $75,000.[17] In their complaint, Plaintiffs request damages for pain and suffering sustained in the collision, mental and emotional anguish, past and future medical expenses, property damage, and loss of consortium. Plaintiffs did not controvert Defendant's assertions regarding the amount in controversy in its Motion to Remand. Further, Plaintiff did not include a statement in its petition "a general allegation that the claim exceeds or is less than the requisite amount" as required by Louisiana law.[18] Thus, the Court finds that the jurisdictional amount-in-controversy requirement is met.

Second, Defendant alleges that there is complete diversity. Plaintiffs Melissa Fuller, Robert Fuller, and C.F. are domiciled in Louisiana and are therefore citizens of Louisiana for diversity jurisdiction purposes.[19] Corporations are citizens of the state where incorporated and where it has its principal place of business.[20] Defendant P.V. Holding Corporation has a principal place of business in New Jersey and is incorporated in Delaware. Defendant Geico Casualty Insurance Company is a corporation with a principal place of business in Maryland and incorporated in Nebraska.

---

[15] Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (citing De Aguillar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).
[16] *Id.* (quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).
[17] Doc. 2 at 5–7.
[18] LA. CODE CIV. PROC. art. 893.
[19] *See Mas*, 489 F.2d at 1399.
[20] 28 U.S.C. § 1332(c)(1).

4

Progressive Select Insurance Corporation is a citizen of Ohio.[21] Defendant BRAC has a principal place of business in New Jersey and is incorporated in Delaware. Thus, no Defendant is a citizen of the same state as Plaintiffs—Louisiana. The parties are completely diverse, and this Court has jurisdiction pursuant to § 1332(a).

### 2. *Removal Procedure*

Defendant alleges that removal is proper because it filed the Notice of Removal within the 30-day period prescribed by § 1446(b)(1), and all pre-existing defendants have consented to removal, as required by § 1446(b)(2).[22] Plaintiffs do not dispute these points. Plaintiffs instead base their Motion to Remand solely on the ground that removal was not timely under § 1446(c)(1), which provides:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.[23]

Plaintiffs assert that, because the instant action was commenced in state court on May 11, 2019, Defendants must have filed any notice of removal by May 11, 2020. Since Defendant does not allege any bad faith in its Notice of Removal, Plaintiffs argue that removal was untimely and without any "objectively reasonable grounds to believe the removal was legally proper," warranting an award of attorney's fees and costs.[24]

---

[21] Defendant BRAC asserts in its Notice of Removal that Progressive Select Insurance Company ("Progressive"), upon information and belief, is domiciled in Ohio. *See* Doc. 2 at 4. Plaintiffs do not dispute this assertion in their Motion to Remand.
[22] Doc. 2 at 7; Doc. 2-1 at 1; 28 U.S.C. § 1446(b)(2).
[23] 28 U.S.C. § 1446(c)(1).
[24] Doc. 4-1 at 4 (citing Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004)).

However, the Court finds Plaintiffs' arguments without merit. Section 1446(c)(1)'s one-year limit applies only to cases removed under subsection (b)(3)—that is, cases not removable as stated by the initial complaint.[25] At the time Plaintiffs filed their original complaint, diversity jurisdiction existed. The initial complaint was filed by Plaintiffs Melissa Fuller and Robert Fuller, individually and on behalf of their minor child, C.F., against Defendants Shijia Shu and P.V. Holding Corp. As established above, Defendants Shu and P.V. Holding Corporation are not citizens of the same state as Plaintiffs. Thus, there was complete diversity. As to the amount in controversy, this Court found, *infra*, that it is facially apparent that Plaintiffs' claims likely exceeded $75,000.

The Court finds that the instant case was removable at the time the original petition was filed in state court, and § 1446(c)(1)'s one-year limit therefore does not apply. Defendant filed its Notice of Removal within 30 days of being served with the Amended Complaint adding it as a party, and all existing Defendants have consented to removal in accord with § 1446(b)(2)(A). Thus, the Court finds Defendant BRAC sustained its burden of showing that there is diversity jurisdiction and that removal was proper.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

---

[25] 28 U.S.C. § 1446(b)(3); Johnson v. Heublein, Inc., 227 F.3d 236, 241 (5th Cir. 2000 (citing New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998)) (finding that "the one-year limitation on removals applies only to the second paragraph of that section, i.e., only to cases that are not initially removable"); Namer v. Special Logistics Southeast, LLC, 2019 WL 1349848, at *2 (E.D. La. Mar. 26, 2019) (applying *Johnson* and *Deshotel* to §1446(b)(3), as amended in 2011); Howell v. Dolgencorp, LLC, No. 18-1083, 2018 WL 6933468, at *2 (W.D. La. Dec. 17, 2018).

New Orleans, Louisiana this 5th day of October, 2023.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**